ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 18, 2012

The Honorable Jack Roady
Galveston County Criminal District Attorney
600 Fifty Ninth Street, Suite 1001
Galveston, Texas 77551-4137

Opinion No. GA-0934

Re: Whether recreational off-highway vehicles and all-terrain vehicles may be legally operated on a public beach and whether a county is authorized to establish a system for registering such vehicles with the county for operation on a beach (RQ-1017-GA)

Dear Mr. Roady:

You ask whether recreational off-highway vehicles ("ROHV") and all-terrain vehicles ("ATV") may be legally operated on a public beach and whether a county is authorized to establish a system for registering such vehicles with the county for operation on a beach.[1]

You suggest that section 663.037(a) of the Transportation Code prohibits the operation of an ATV or ROHV by the general public on a public beach. *Id.* at 1–2; TEX. TRANSP. CODE ANN. § 663.037(a) (West 2011). Chapter 663 generally regulates the operation and ownership of an ATV or an ROHV. *See id.* § 663.003 (providing that the "chapter applies to the operator and operation of a [ROHV] in the same manner as if" the ROHV were an ATV); *see generally id.* §§ 663.001–.038 (chapter 663). Section 663.037(a) prohibits the operation of an ATV or ROHV on a "public street, road, or highway" with certain exceptions, but the section does not specifically mention beaches. *Id.* § 663.037(a). No provision of chapter 663, nor any other provision in the Transportation Code, necessarily equates all areas of a public beach with a public street, road, or highway. *Compare id.* § 502.001(35) (West Supp. 2011) (definition of "public highway" for vehicle registration purposes), *with* TEX. NAT. RES. CODE ANN. § 61.013(c) (West 2011) (definition of "public beach" for purposes of the Open Beach Act). *Cf. Brown v. State*, 289 S.W.2d 942, 944 (Tex. Crim. App. 1956) (determining that the evidence about the route that a driver took on a beach was sufficient to uphold a conviction for driving intoxicated on a public highway).

---

[1]*See* Letter from Honorable Jack Roady, Galveston Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 8, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

Rather, the use of public beaches is generally governed by the Open Beaches Act and the Dune Protection Act. *See* TEX. NAT. RES. CODE ANN. §§ 61.001–.254 (West 2011 & Supp. 2011) (the "Open Beaches Act"); *id.* §§ 63.001–.1814 (West 2011) (the "Dune Protection Act"). Under the Open Beaches Act, certain counties and other local governmental entities are required to develop a plan for beach access and use that is consistent with the Act's policies. *Id.* § 61.015(a). Counties and municipalities are authorized to promulgate traffic regulations, including prohibitions of vehicular traffic in certain areas of a beach within their jurisdiction, that are consistent with the Act's policies. *Id.* §§ 61.122, .129. Local traffic regulations prevail over conflicting general state laws. *Id.* §§ 61.128–.129. However, local traffic regulations are generally subject to the rules and approval of the Commissioner of the Texas General Land Office. *Id.* §§ 61.011(d)(3), .022(c)–(d).

The Dune Protection Act prohibits the operation of a recreational vehicle in certain areas of a public beach. *Id.* §§ 63.057, .093.[2] However, no state statute of which we are aware addresses whether the operation of an ATV or ROHV on a public beach by the general public is, per se, lawful or unlawful. Whether an ATV or ROHV may be lawfully operated on a public beach or a particular area of a public beach cannot be answered categorically, without reference to particular facts and any rules, orders, or ordinances applicable to the particular beach or area of the beach.

You also ask whether a county is authorized to establish a registration system, whereby an individual may register an ROHV with the county for operation on a beach. Request Letter at 1. You note Transportation Code section 502.140, which provides in part:

> (a)    Except as provided by Subsection (b), a person may not register an all-terrain vehicle or a recreational off-highway vehicle, with or without design alterations, for operation on a public highway.
>
> (b)    The state, a county, or a municipality may register an all-terrain vehicle or a recreational off-highway vehicle for operation on a public beach or highway to maintain public safety and welfare.
>
> (c)    A recreational off-highway vehicle registered as provided by Subsection (b) may be operated on a public or private beach in the same manner as a golf cart may be operated on a public or private beach under Section 551.403. . . .

TEX. TRANSP. CODE ANN. § 502.140(a)–(c) (West Supp. 2011) (formerly section 502.006, renumbered by Act of May 29, 2011, 82d Leg., R.S., ch. 1296, § 100, 2011 Tex. Gen. Laws 3617,

---

[2]Under the Dune Protection Act, a "recreational vehicle" is "a dune buggy, marsh buggy, minibike, trail bike, jeep, or any other mechanized vehicle that is being used for recreational purposes." TEX. NAT. RES. CODE ANN. § 63.002(4) (West 2011). *See also* 31 TEX. ADMIN. CODE § 15.4(c)(6) (2011) (Tex. Gen. Land Office, Dune Protection Standards) (General Land Office rule prohibiting a local governmental entity from issuing a permit or certificate authorizing a "recreational vehicle" on certain areas of a public beach).

3662–63). You suggest that section (b) may be construed as authorizing either (1) the state, a county, or a municipality to register an ATV or ROHV with the Texas Department of Motor Vehicles (DMV), or (2) an individual to register an ROHV with one of the specified governmental entities. Request Letter at 2.

A different statute, section 502.003, generally prohibits a political subdivision from establishing its own motor vehicle registration requirements. TEX. TRANSP. CODE ANN. § 502.003(a) (West 2007); *see also id.* § 502.001(1)(B), (25), (37)(B) (defining "motor vehicle," as "a vehicle that is self-propelled," and "all-terrain vehicle" and "recreational off-highway vehicle" as self-propelled vehicles). Moreover, a close examination of the text of section 502.140(b) reveals that it does not authorize a separate registration system by local government. Key to construing section 502.140(b) is the meaning of the word "register." In construing the words of a statute, "[l]anguage cannot be interpreted apart from context. The meaning of a word that appears ambiguous when viewed in isolation may become clear when the word is analyzed in light of the terms that surround it." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 441 (Tex. 2011). Moreover, the construction of a statute is "aided by the interpretive context provided by 'the surrounding statutory landscape.'" *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 75 (Tex. 2011) (citation omitted). Chapter 502 generally provides for registration of vehicles with the DMV by an application submitted to a county tax assessor-collector. *See, e.g.*, TEX. TRANSP. CODE ANN. §§ 502.001(11), .040(b)(1) (West Supp. 2011). The phrase in section 502.140(a), that "a person may not register" an ATV or ROHV for operation on a highway, refers to the action of a potential applicant, not to that of a governmental entity that receives the application. *Id.* § 502.140(a). If we assume, as we must, that "register" is used consistently in the statute, then subsection (b) should be construed as concerning only the registration of state, county, and municipal vehicles. *See Ex parte Keller*, 173 S.W.3d 492, 498 (Tex. Crim. App. 2005) (stating "normal rules of statutory construction," that "a word or phrase that is used within a single statute generally bears the same meaning throughout that statute"). And subsection (c), which provides for operation of vehicles on a beach, is limited to the governmental vehicles registered under subsection (b).

Further, the phrase "public safety and welfare," as it appears in section 502.140(b), normally refers to a governmental police power. *See Spann v. City of Dallas*, 235 S.W. 513, 515 (Tex. 1921) (stating that "[t]he police power is a grant of authority from the people to their governmental agents for the protection of the health, the safety, the comfort and the welfare of the public"). The phrase "to maintain public safety and welfare" refers to "operation on a public beach," not to registration of the vehicle. *See Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) (noting that a qualifying phrase in a statute should "be confined to the words and phrases immediately preceding . . . without impairing the meaning of the sentence"); TEX. TRANSP. CODE ANN. § 502.140 (West Supp. 2011). Thus, section 502.140(b) contemplates that a governmental entity, not a private individual, may register its ROHV or ATV for use on a public highway or beach in order to maintain public safety and welfare.[3]

---

[3]Legislative history is consistent with our construction of section 502.140(b). Its predecessor was first added by Senate Bill 1453 in 1989. Act of May 22, 1989, 71st Leg., R.S., ch. 699, § 1, 1989 Tex. Gen. Laws 3208, 3208–09.

(continued...)

Section 502.140(b) does not authorize a county to establish its own system for an individual to register a ROHV or ATV with the county. Because a county's authority must be express or necessarily implied from its express powers, *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28–29 (Tex. 2003), we conclude that a county does not have the authority to establish a county system for registering an ATV or ROHV for an individual to operate on a public beach.

---

[3](...continued)

In addition to the language ultimately located in section 502.140(b), Senate Bill 1453 makes several references to "an all-terrain vehicle owned by this State, a county, or a municipality" and to the operation of such vehicles "to maintain public safety and welfare of the residents of this State." *Id.* §§ 1–5.

## S U M M A R Y

Whether an all-terrain vehicle or recreational off-highway vehicle may be lawfully operated on a public beach or a particular area of a public beach cannot be answered categorically without reference to particular facts and any rules, orders, or ordinances applicable to the particular beach or area of the beach.

A county does not have the authority to establish a county system for registering an off-highway vehicle or an all-terrain vehicle for an individual to operate on a public beach.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee